[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action, arising out of a June 22, 1997 automobile accident in which plaintiff passenger was injured, asserts a claim for uninsured motorist coverage against defendant ITT Hartford Insurance Co. A prior action against the operator of the second vehicle, one Ziemecki, resulted in a settlement against him of $100,000, exhausting his liability policy. Now plaintiff turns to the UMV carrier for the operator of her automobile, who carries an UMV policy in the undisputed limit of $50,000.
Defendant, ITT, moves for summary judgment on the ground that under its policy, it is entitled to a set-off of the entire $100,000 already received by plaintiff, effectively reducing the UMV coverage to zero.
The ITT policy, Part C, Limit of Liability, Section B, the following language: contains
 "The limit of liability shall be reduced by all sums: (1) Paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A:".
Pursuant to Section 38a-334-6 of the Regulations of Connecticut State Agencies, Minimum provision for protection against uninsured motorists, provides in pertinent part:
(d) Limits of liability.
 (1) The limit of the insurer's liability may not be less than the applicable limits for bodily injury liability specified in subsection
 (a) of section 14-112 of the General Statutes, except that the policy may provide for the reduction of limits to the extent that damages have been CT Page 9470
 (A) paid by or on behalf of any person responsible for the injury, (emphasis added),
(B) paid or are payable under any workers' compensation law, or
(C) paid under the policy in settlement of a liability claim.
 (2) The policy may also provide that any direct indemnity for medical expense paid or payable under the policy will reduce the damages which the insured may recover under this coverage.
 (3) Any payment under these coverages shall reduce the company's obligation under the bodily injury liability coverage to the extent of the payment.
In Buell v. American Universal Ins. Co., 224 Conn. 766, 621 A.2d 262
(1993) involving almost identical policy language, our Supreme Court held that the underinsured motorist carrier was entitled to deduct the amount paid to the plaintiff by the defendant on behalf of another tortfeasor who was not a defendant in this case when calculating the total damages it owed to its insured. The court held that the payment had a dual purpose: (1) to compensate the victim for her injuries and (2) to avoid litigation between the two parties. Therefore, the court concluded that in order to prevent the plaintiff from receiving compensation twice for the same injuries, the underinsured motorist coverage carrier was entitled to deduct the payments made to the plaintiff on behalf of other tortfeasors when arriving at the damages it owed the insured.
In Fahey v. Safeco Ins. Co. of America, 49 Conn. App. 306, 714 A.2d 686
(1998), the plaintiff appealed from a trial court verdict in favor of his automobile liability insurance policy in which he sought recovery of underinsured motorist benefits. The plaintiff was injured in a motor vehicle accident caused by a third party and settled for $100,000, the full extent of the automobile insurance coverage, then sought to recover underinsured motorist benefits from the defendant, her insurer. Since the defendant admitted liability of the tortfeasor, only the issue of damages was tried to the jury, which returned a plaintiff's verdict in the amount of $90,069.77. Since the plaintiff had already recovered more than the value of his damages the trial court concluded he was not entitled to underinsured motorist coverage. The Appellate Court upheld the trial court's judgment concluding that because the jury verdict was less than the amount the plaintiff had already recovered, the plaintiff failed to establish that his damages were in excess of the $100,000 he had already recovered.
In Hanz v. Dragone Enterprises, Superior Court, judicial district of CT Page 9471 Fairfield at Bridgeport, Docket No. 350501 (July 27, 2000, Melville,J.), the court faced a similar set of facts and held that as a matter of law summary judgment should be granted, since plaintiff's insurer could, "as a matter of law, reduce its liability limit by any amount paid to its insured by a responsible party, whether that responsible party is the insured tortfeasor or the uninsured tortfeasor."
In the present action, because the uninsured motorist coverage of defendant in the amount of $50,000 is effectively reduced to zero because of the plaintiff's receipt of $100,000 for her injuries, defendant's motion for summary judgment is granted.
 ___________________ WAGNER, JUDGE TRIAL REFEREE